UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-61398-CIV-COOKE
                                    MAGISTRATE JUDGE P. A. WHITE

CARLTON WHITE,                      :

        Plaintiff,                  :

v.                                  :          REPORT OF
                                               MAGISTRATE JUDGE
                                    :
SEMINOLE POLICE DEPARTMENT, ET AL.,
                                    :
        Defendants.
_____


        This Cause is before the Court on the defendants' Motion to
Dismiss for Lack of Subject Matter Jurisdiction. [DE# 4].


        The plaintiff Carlton White, currently housed at the South
Florida Reception Center, filed a pro se civil rights complaint
pursuant to 42 U.S.C. §1983 against the Seminole Police Department
and two Seminole Tribal Police Officers. [DE# 1].  The plaintiff
has been granted leave to proceed in forma pauperis. [DE# 7].


        The plaintiff alleges that on December 15, 2006 the two tribal
officers stopped him in traffic and searched his car, finding drugs
and drug paraphernalia.  The plaintiff states that he spent over
six months in jail before all charges were dropped.  He does not
raises any specific allegations of constitutional violations, but
it appears that he may be intending to raise claims of false
arrest, illegal search and/or malicious prosecution.  The plaintiff
seeks monetary damages.

In their motion, the defendants assert sovereign immunity from
any federal suit and challenge subject matter jurisdiction on the
same ground.  The defendants characterize the plaintiff's claims as
based exclusively on the defendants' actions as officers of the
Seminole Tribal Police Department and assert the same sovereign
immunity enjoyed by Indian tribes.

Although not stated, it is clear that the plaintiff's
intention is to sue the officers in only their individual
capacities and his only possible theory of recovery is under 42
U.S.C. §1983 for the violation of his Fourth Amendment rights.
Even if the plaintiff had chosen to name the defendants in their
official capacity suit, the case would be subject to dismissal. "A
tribal officer is entitled to sovereign immunity if his actions are
within the scope of his authority." Sulcer v. Davis, 986 F.2d 1429,
1993 WL 53613 (10 Cir. Feb. 18, 1993) (citations omitted), cert.
denied, 510 U.S. 870 (1993); see also Fletcher v. United States,
116 F.3d 1315, 1324 (10 Cir. 1997).

"Tribal sovereign immunity is a matter of subject matter
jurisdiction, . . ., which may be challenged by a motion to dismiss
under Fed.R.Civ.P. 12(b)(1)...." See E.F.W. v. St. Stephen's
Indian High School, 264 F.3d 1297, 1302-03 (10 Cir. 2001)
(citations omitted).  Upon a defendant's Rule 12(b)(1) motion to
dismiss, the plaintiff bears the burden of proving jurisdiction.
Richmond, Fredericksburg & Potomac R. Co. v. United States, 945
F.2d 765, 768 (4 Cir. 1991), cert. denied, 503 U.S. 984 (1992).

Federal courts hold that no action under 42 U.S.C. §1983 may
be maintained by persons alleging deprivation of constitutional
rights under color of tribal law, that actions taken under color of
tribal law are beyond the reach of §1983, and may only be examined

2

in federal court under the provisions of the Indian Civil rights Act.  Sulcer, supra; R.J. Williams Co. v. Fort Belknap Housing Authority, 719 F.2d 979, 982 (9 Cir. 1983), cert. denied, 472 U.S. 1016 (1985). To be sure, "[i]t is well settled that a defendant's actions pursuant to Tribal authority are not 'under color of state law' for the purposes of maintaining an individual capacity suit against that defendant under 42 U.S.C. § 1983." E.F.W. v. St. Stephen's Mission Indian High School, 51 F.Supp.2d 1217, 1230 (D.Wyo. 1999), aff'd, 264 F.3d 1297 (10 Cir. 2001). "Indian tribes are not states of the union within the meaning of the Constitution, and the constitutional limitations on the states do not apply to tribes." Chapoose v. Hodel, 831 F.2d 931, 934 (10 Cir. 1987). Accordingly, the plaintiff has not alleged any claims against any defendants over which this Court would have subject matter jurisdiction.

Based on the foregoing, it is recommended that the defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant be granted, and this case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 24th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Carlton White, <u>Pro Se</u>
     DC No. 031984 F3-20
     South Florida Reception Center
     14000 N.W. 41st Street
     Doral, FL 33178-3003

     Donald Albert Orlovsky, Esq.
     Kamen & Orlovsky, P.A.
     1601 Belvedere Road
     Suite 402 South
     West Palm Beach, FL 33406